UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE FORTOMSA WILLIAMS,

        Petitioner,

                        CIVIL NO. 2:10-CV-11882
v.                          HONORABLE GEORGE CARAM STEEH
                        UNITED STATES DISTRICT COURT

GREGORY McQUIGGIN,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Andre Fortomsa Williams, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for second-degree murder, M.C.L.A. 750.317; and felony-firearm, M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court. On July 27, 2004, petitioner was sentenced to twenty to forty years in prison on the second-degree murder conviction and two years in prison on the felony-firearm conviction.

1

Petitioner never filed a direct appeal from his conviction and in fact, moved to dismiss his appeal, which was granted on August 25, 2005. [1]

On March 17, 2010, petitioner filed with the Wayne County Circuit Court a "motion to quash felony information", as well as an expedited notice of hearing. The trial court has yet to rule on his motion. Petitioner contends that exhaustion should be excused because the trial court failed to adjudicate his motion within thirty five days of filing, as required by the Michigan Supreme Court Administrative Order (AO) 2003-7, Caseflow Management Time Guidelines. *See* 469 Mich. cxx-cxxvii. Petitioner has not filed any action with the Michigan Court of Appeals or the Michigan Supreme Court.

On May 4, 2010, petitioner filed his petition for writ of habeas corpus with this Court, claiming that the trial court lacked jurisdiction over his case. [2]

## II. DISCUSSION

The instant petition is subject to dismissal because none of petitioner's claims have been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court.

---

[1] *See* Register of Actoins, p. 4, *People v. Williams,* Case No. 04-004097-01-FC, attached to the petition for writ of habeas corpus.

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 4, 2010, the date that it was signed and dated. *See Fugate v. Booker,* 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001)(internal citations omitted). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

The instant petition is subject to dismissal because petitioner's post-conviction motion remains pending in the Wayne County Circuit Court.[3] A

---

[3] Although petitioner has filed a "motion to quash the felony information" in this case, the state courts would almost certainly re-characterize the motion as a post-conviction motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. seq.* M.C.R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter. The 1989 Staff Comment to M.C.R. 6.501 states that subchapter 6.500 "provides the *exclusive* means to challenge a conviction in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable to file an application for leave to appeal to the Court of Appeals" because the time period for filing such an appeal has elapsed. (emphasis added).

habeas petition should be denied on exhaustion grounds where a state appeal or post-conviction motion remains pending. *See e.g. Juliano v. Cardwell*, 432 F. 2d 1051 (6th Cir. 1970). Moreover, should the trial court rule adversely against petitioner, he would be required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner contends that exhaustion should be excused in this matter because the trial court failed to rule on his motion within 35 days of filing, as required by AO 2003-7.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unneccesary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The Court is aware that an inordinate delay in adjudicating state court claims may be a circumstance which would excuse the exhaustion of state court remedies, especially when the state is responsible for the delay. *See Workman v.*

4

*Tate*, 957 F. 2d 1339, 1344 (6th Cir. 1992). Moreover, a habeas petitioner who makes "frequent but unavailing requests to have his appeal processed" in the state courts should not be "not required to take further futile steps in state court in order to be heard in federal court," even if the state court subsequently decides his appeal. *See Turner v. Bagley,* 401 F. 3d 718, 726 (6th Cir. 2005). Petitioner, however, has failed to show that there has been an inordinate delay in the processing of his state court post-conviction motion.

In *Workman, supra,* the Sixth Circuit held that a habeas petitioner's failure to exhaust his state postconviction remedies would be excused where the petitioner's motion for post-conviction relief "languished" in the state courts for more than three years without the state court making a decision. *Id.,* 957 F. 2d at 1344. Likewise, in *Turner, supra,* the Sixth Circuit concluded that a habeas petitioner should have been excused from the exhaustion requirement no later than when petitioner's direct appeal was dismissed for failure to prosecute, given that such failure could only have been attributed to petitioner's appointed attorneys and state, where the state court of appeals failed to insure timely representation, continually postponed petitioner's appeal, allowed four different attorneys to withdraw from the case without filing briefs, and allowed petitioner's appeal to remain on docket for nearly eleven years without meaningful attention. *Turner,* 401 F. 3d at 725-26.

By contrast, petitioner has failed to show that his case has languished for

5

several years without any meaningful attention in the state courts. There is no allegation by petitioner that he has made "frequent, but unavailing requests" to have his post-conviction motion processed. Petitioner's motion had only been pending in the trial court for forty eight days when he filed his petition. Unlike the petitioners in *Workman* and Turner, petitioner's motion has not languished for years in the state courts.

Additionally, petitioner could seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1) to order the Wayne County Circuit Court to adjudicate his motion. If the Michigan Court of Appeals failed to issue an order of superintending control, petitioner could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.301(A)(6). Because petitioner has not sought relief from the Michigan appellate courts to compel the trial court to entertain his post-conviction motion, he is not excused from exhausting his claims in the state courts. *See Washington v. Warden, Ross Correctional Institute,* No. 2003 WL 1867914, * 3 (E.D. Mich. March 21, 2003)*; See also Wells v. Marshall*, 885 F. Supp. 314, 318 (D. Mass. 1995)(state prisoner was not exempt from exhaustion requirement for filing a petition for writ of habeas corpus, though his motion for new trial had been pending in the state trial court since July, 1991, where he did not seek intervention from the highest state court to remedy the delay).

6

Finally, although petitioner claims that there is a "radical jurisdictional defect" with his conviction, this would not excuse the exhaustion of his state court remedies. A number of cases have held that a habeas petitioner is required to exhaust any jurisdictional defect claim with the state courts before presenting such a claim to the federal courts in a petition for writ of habeas corpus. *See Daniel v. Lafler,* No. 2006 WL 1722219, *2 (E.D. Mich. June 20, 2006)*; Banks v. Smith,* 377 F. Supp. 2d 92, 96 (D.D.C. 2005); *Warren v. Hogan,* 373 F. Supp. 1241, 1243 (S.D.N.Y. 1974); *United States ex. rel. Thomas v. Com. of Pa.,* 299 F. Supp. 651, 652 (E.D. Pa. 1969); *United States ex. rel. Hazen v. Maroney,* 217 F. Supp. 328, 329 (W.D. Pa. 1963). Under Michigan law, petitioner is permitted to raise claims involving jurisdictional defects on appeal. *Daniel,* 2006 WL 1722219, at * 2 (citing *People v. Price,* 126 Mich.App. 647; 655; 337 N.W. 2d 614 (1983)).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims regarding his underlying conviction are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Bailey v. Roe,* 135 Fed.

7

Appx. 100, 101 (9th Cir. 2005); *Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also Meyer v. Warren,* 2006 WL 2644991, * 3 (E.D. Mich. September 14, 2006).

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to these claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). Because a plain procedural bar is present, no further appeal would be warranted. *See Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

Dated: May 24, 2010

S/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 24, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk